1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRANSPORTATION FUNDING GROUP, INC., | 2:09-CV-1029 JCM (PAL) |
| Plaintiff, | |
| v. | |
| MONSTER, INC., et al., | |
| Defendants. | |

**ORDER**

Presently before the court is plaintiff Transportation Funding Group, Inc.'s (hereinafter "Transportation Funding") motions for default judgment against defendant Robert E. Miller, Jr. (doc. #22), and against defendant Monster, Inc. (doc. # 23).

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule."

The plaintiff's complaint (doc #1), filed on June 5, 2009, was served upon Robert E. Miller, Ken Flippin, and Monster Inc. To date, Ken Flippin is the only defendant to file an answer. (Doc #11). In his answer, Flippin denies all allegations against him. Due to the remaining defendants' failure to answer, plaintiff applied to the clerk of the court for entry of default (doc. #17 & #12) as to both defendants. Default was entered against Monster Inc. on July 22, 2010, (doc. #13) and against

**James C. Mahan**
**U.S. District Judge**

1    Robert E. Miller on August 19, 2010.  (Doc. #18).

2          Pursuant to Federal Rule of Civil Procedure 55(b), plaintiff asks this court to enter a default

3    judgment against defendants Robert E. Miller and Monster Inc. in the amount of $587,000.00,

4    together with plaintiff's attorney's fees in the prosecution of this action and the preparation of the

5    pending motion, in the amount of $3,500.00. In his attached affidavit (doc. #22-1), Transportation

6    Funding's president Paul Krueter states that the defendant sold/assigned accounts to the plaintiff

7    which represented outstanding balances for Amazon Construction ($127,900), Castello Equipment

8    ($273,600), and Echelon Development ($187,000), which remain uncollected and unpaid.

9          However, the dollar amounts alleged to be owed to the plaintiff for each of the above

10   accounts in the motions for default judgment (doc. # 22 & 23), do not match the dollar amounts in

11   the attached affidavit. Further, neither support a finding of damages for $587,000.00.

12         Federal Rule of Civil Procedure 54(b) provides that when "multiple parties are involved, the

13   court may direct entry of final judgment as to one or more, but fewer than all, claims or parties, *only*

14   *if the court expressly determines that there is no just reason for delay.*" (emphasis added).

15         Absent any argument with regards to delay, and in light of the insufficient grounds for

16   determining the alleged amount of damages, this court is not inclined to grant a default judgment at

17   this time.

18         Accordingly,

19         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for

20   default judgment against Robert E. Miller (Doc. # 22) be, and the same hereby is, DENIED.

21         IT IS FURTHER ORDERED that plaintiff's motion for default judgment against Monster

22   (Doc. # 22) be, and the same hereby is, DENIED.

23         DATED September 15, 2010.

24

25                                                  _____
                                                    **UNITED STATES DISTRICT JUDGE**
26

27

28

James C. Mahan
U.S. District Judge                                 - 2 -